IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01692-BNB

DAVID LEE COLLINS,

    Plaintiff,

v.

BOBBY BONNER, Warden (CCA) KCCC,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, David Lee Collins, is a prisoner in the custody of the Colorado Department of Corrections who was incarcerated at the Kit Carson Correctional Center in Burlington, Colorado, when he initiated the instant action by submitting *pro se* a Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3), neither of which was on the Court-approved form. The § 1915 motion and affidavit included a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Mr. Collins has since informed the Court that he has been transferred to the Arkansas Valley Correctional Facility in Crowley, Colorado. *See* ECF No. 32 at attached envelope.

    The Court reviewed the documents and determined they were deficient. Therefore, on June 27, 2013, Magistrate Judge Boyd N. Boland entered an amended

order (ECF No. 10) directing Mr. Collins to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The amended June 27 order pointed out that Mr. Collins failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the current form revised October 1, 2012, with an authorization and certificate of prison official. The amended June 27 order did not require him to submit a six-month certified account statement because he previously had done so. The amended June 27 order also directed him to file an amended Prisoner Complaint on the proper, Court approved form. The amended order directed him to obtain, with the assistance of his case manager or the facility's legal assistant, the current Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint. The amended June 27 order warned Mr. Collins that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On July 11, 2013, the Court entered an order including a directive that the clerk of the Court mail to Mr. Collins the current, Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint because he alleged he was unable to obtain them. *See* ECF No. 13 at 2. The July 11 order also granted Mr. Collins an additional thirty days in which to cure the deficiencies designated in the June 27 order.

On August 1, 2013, Mr. Collins submitted an amended Prisoner Complaint (ECF No. 18) on the current, Court-approved form and an amended Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 19) together with another certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. However, the amended motion and affidavit was not on the current form revised October 1, 2012, and failed to include a signed authorization allowing the prison facility to calculate and disburse funds from his inmate trust fund. On August 14, 2013, Mr. Collins submitted another amended complaint (ECF No. 32) that is not on the Court-approved Prisoner Complaint form and appears to raise claims unrelated to the amended complaint submitted on August 1.

Mr. Collins has failed to cure all the designated deficiencies within the time allowed. Therefore, the action will be dismissed without prejudice for Mr. Collins' failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Collins files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaints (ECF Nos. 18 and 32) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, David Lee Collins, to cure all the deficiencies designated in the amended order to cure of June 27, 2013, within the time allowed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  23rd  day of      August         , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court